Clement, C. J.
The appellant is the owner of a lot of ground in this city and on or about August 26, 1886, entered into a written contract with Margaretha Baur to erect a building thereon and agreed to pay her therefor, the sum of $7,000, in seven payments as the work progressed. On November 4, 1886, the said Margaretha Baur gave an order to plaintiffs for the sum of $607.45, the balance due them for labor performed on the house.
■ The order directs the defendant to pay said sum on November 26, 1886, and deduct the amount from the fifth *174 payment on the contract, and the defendant signed the following indorsement on the order:
“Accepted, provided, however, that no liens are filed, against said building before said payment be earned, and payable only when said payment be earned.”
The fifth payment on the contract was $1,000, and was-payable when mouldings were on, doors hung, closets shelved, dumb waiter in, sidewalks flagged, area steps and all stone steps all up, and one coat of paint inside, building.
This action was brought to recover the amount due on such order and the plaintiffs on the trial sought to prove that the work called for by the contract to entitle Mrs. Baur to her fifth payment before any liens were filed had been performed and the defendant offered testimony tending to show that such work was not performed.
The question whether the fifth payment was earned by Mrs. Baur was one of fact and to be decided by the jury, and we are unable to see how the defendant was in any way surprised on the trial as such an issue was squarely presented by the pleadings. And the order denying a new trial for surprise must, therefore, be affirmed.
The plaintiffs in their complaint in this action allege that-after the acceptance of the order in writing the defendants “ verbally promised and agreed for a good and valuable-consideration to pay said sum of $609.45, independent of said draft or of the conditions of said' acceptance to the-
Elaintiffs for the work, labor and the materials furnished y them on defendant’s said building.”
On the trial plaintiffs proved that the defendant said if no mechanic’s lien was filed she would pay their claim, and counsel for plaintiff asked the court to charge “that, if Mrs. McOloskey after the twenty-sixth of November agreed to pay this draft, provided they would file no lien, that then the completion of the work would not be a-necessary condition to entitle them,” and the court said in reply, “I so charge; I have already so charged the jury.” The learned judge had already charged: “If you further find that notwithstanding Baur had not completed the work, the defendant promised Walsh and Hickey that if they would not file a lien she would pay them, then you will find for the plaintiffs.”
We are of opinion that the plaintiffs cannot recover on •the promise in this action, because in their complaint they have not sued on a new contract with Mrs. McOloskey, where the agreement to pay the defendant might be held to be an incident of the contract (Mallory v. Gillett, 21 N. Y., 412), but they have declared upon a verbal promise to pay the debt of a third party for a valuable consideration.
*175 The plaintiffs have sued upon the promise and not upon an independent contract where the promise was an incident.
An oral promise to pay the debt of another, even for a good consideration, is void under the statute of frauds. Belknap v. Bender, 75 N. Y., 446.
If the plaintiff had declared upon a new undertaking of the defendant, instead of upon the promise, we should then hesitate to hold that an agreement not to file a hen, which would have been invalid, was a valuable consideration. If the hen would have been valid, then plaintiffs can recover on their order; but it is unnecessary to decide such question, as it is not presented on this appeal.
Order denying new trial for surprise affirmed, with ten dollars costs and disbursements.
Judgment and order denying new trial on the minutes reversed, and a new trial granted, costs to abide the event.
Van Wyck, J., concurs.